IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CINTYA LARIOS GUZMAN, individually and
on behalf of a class of similarly situated
individuals,

                                          **CLASS ACTION**

        Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware
corporation,

        Defendant.
_____/

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, Cintya Larios Guzman, both individually and on behalf of similarly situated individuals, brings this Class Action Complaint & Demand for Jury Trial against Defendant, Spirit Airlines, Inc. ("Spirit"), to put a stop to Defendant's unlawful practice of selling passes that purport to allow its customers to skip airport security, when Defendant often has no intent or ability to provide such a service, and to obtain redress for those who have been harmed by Defendant's conduct. Plaintiff alleges as follows based upon personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.     Defendant offers its customers the opportunity to pay for the ability to "skip" the normal airport security line. A customer can do this by purchasing Spirit's "Shortcut Security" option for $6–$8 at designated airports in the United States. According to its description, Spirit's

Shortcut Security option is supposed to be a separate line distinct from the general security line, which is faster for Spirit customers that pay the fee.

2. The ability to bypass the busy security line at Los Angeles Airport ("LAX") has immense value, and almost all travelers who have been to LAX know what a benefit said service would be. As such, thousands of Defendant's customers would happily pay $8 to skip the security line at LAX.

3. However, Spirit is able to offer this service at such an inexpensive rate because the service is illusory. In fact, there generally is no way to skip the normal airport security line apart from having a TSA "Precheck" designation. Most airports in the United States do not allow airlines to conduct security themselves or to contract for a shorter security line available for only one airline carrier's customers.

4. Spirit's Shortcut Security agreement is distinct from the airline ticket sale known as the Contract of Carriage and is sold to the customer during the check-in process, which is generally much shorter and provides far less opportunity to review any selections made.

5. Plaintiff, Larios Guzman, purchased Spirit's Security Shortcut service for $8 while attempting to check-in on her phone prior to the flight.

6. During Plaintiff's attempt to locate the "Shortcut Security" line to which she purchased access, she soon realized that no such line exists at LAX airport.

7. Indeed, a quick google search reveals that most, if not all, of the airports at which Spirit offers their "Shortcut Security" pass do not actually offer a "Shortcut Security" line.

8. Even though Spirit knows that it cannot provide any "Shortcut Security" service, it continues to offer and sell it to consumers.

9. Defendant's conduct in selling its "Shortcut Security" service is unlawful, deceptive, unfair and an ongoing violation of the rights of its customers. Further, Plaintiff and other consumers would not have purchased such a service from Defendant had they known that Defendant had no way to fulfill what they contracted to purchase.

10. On behalf of herself and a proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to stop advertising and selling its "Shortcut Security" passes and to comply with Florida's Deceptive and Unfair Trade Practices Act and common laws, as well as an award of actual and compensatory damages to the Class, together with costs and reasonable attorneys' fees.

## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this action.

12. This Court has general personal jurisdiction over Defendant with respect to Plaintiff's and the other putative class members' claims, because Defendant is incorporated in Florida and Defendant's principle place of business is in Florida.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as Defendant contracted with Plaintiff and the other putative class members from within this District.

## PARTIES

14. Defendant is a Delaware corporation headquartered in Miramar, Florida. Defendant is the seventh largest commercial airline in the United States and operates scheduled flights throughout the country.

15. Plaintiff is a natural person who resides in Virginia.

## COMMON ALLEGATIONS OF FACT

### *Background*

16. Spirit Airlines is a budget airline that forgoes many of the comforts and amenities that other airlines provide in order to sell flights at a lower rate than many of its competitors. To make up for its lower fares, Spirit charges its passengers extra fees for almost every convenience incident to the flight itself.

17. For example, Spirit charges an additional $10 fee to check-in at the airport, $55 to bring a carry-on bag, and $50 for a stowed bag. Passengers can also pay extra to have an early seating option, to select their seat, to eat or drink anything on the flight or, as is the case here, the option to skip the normal security line.

18. According to Defendant, Spirit's "Shortcut Security" option functions as a way to bypass the normal airport security line for a person who is running late or just does not want to stand in the normal security line.



**(Figure 1)**

19.     Contrary to what Spirit represents about its service, however, it is the TSA that controls the security access to an airport and unless a person has the TSA "Precheck" designation, they must go through the same general TSA security line as passengers who did not purchase any "Shortcut Security" service.

20.     Undeterred, Spirit offers the "Shortcut Security" service to its customers during the check-in process even in situations when it knows that it does not and cannot actually provide any such service.

21. Defendant, through its unfair and deceptive practices in offering the "Shortcut Service," monetarily benefits from passengers who may legitimately need to go through security faster.

22. Indeed, there are numerous consumer complaints posted online from customers who have found that there is no Spirit "Shortcut Security" line, or any other equivalent line, at almost every airport that Spirit supposedly offers this service at.

> Great prices, friendly flight staff but the workers at the airports are the problem. We flew from Detroit to Fort Lauderdale and then on to St. Thomas USVI. **We paid extra for security shortcut that was not honored or does not exist in Detroit or Fort Lauderdale.** They outright told us that it did not matter what we paid for or what the ticket said, everyone stands in the same line and everybody waits their turn. **We wasted money!**[1]
>
> **Got to the airport and paid for "Express Check In and Express Security. Never received either. TSA agent said they don't recognize Express at that airport**…Following day requested credit for the bogus "Express Check In and Express Security". Support has offered a Spirit Credit which is completely useless. I paid in US Dollars and I want a refund in US Dollars. Not a worthless credit on a worthless airline."[2]

*Facts Specific to Plaintiff*

23. On August 11, 2019, Plaintiff was to take a late flight home from LAX airport to Dulles International Airport outside of Washington D.C.

24. Realizing that reaching the airport would likely take longer than expected due to construction at the airport, as well as the general mayhem that accompanies flying out of LAX, Plaintiff, attempting to check-in on her phone, saw that Spirit had an option to "Shortcut Security" for only $8. Knowing that she was running late and would likely need to make up some time, Plaintiff purchased said "Shortcut Security" service on her cellphone.

---

[1] https://www.tripadvisor.com/ShowUserReviews-g1-d8729157-r452494378-Spirit_Airlines-World.html#
[2] https://www.tripadvisor.com/ShowUserReviews-g1-d8729157-r586230377-Spirit_Airlines-World.html#

25. After checking her bag, Plaintiff attempted to find the "Shortcut Security" lane. Plaintiff went to the only security checkpoint of her terminal and asked the TSA agent for Spirit's "Shortcut Security" checkpoint. The TSA agent stationed there replied that there was no Spirit "Shortcut Security" lane. The TSA Agent further informed Plaintiff that the security line she was in was the only security line for the terminal apart from TSA Precheck.

26. Plaintiff, despite purchasing access to the "Shortcut Security" line, was forced to use the general security line, receiving no benefit of the bargain she struck with the Defendant. There was no dedicated security line for Spirit customers, nor was there a designated queuing line. Instead, there was only one security line that all passengers were required to use.

27. Apart from almost missing her flight, Plaintiff also suffered monetary damages as a result of Spirit's advertising and sale of the "Shortcut Security" option when no such "Shortcut Security" was available.

28. Defendant's actions in advertising and selling to Plaintiff its "Shortcut Security" service when no such service was actually available or provided, violated Plaintiff's common law rights under state law.

## CLASS ACTION ALLEGATIONS

29. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff seeks certification of the following class of similarly situated individuals:

> The Class: All individuals within the United States who, at any time within the applicable limitations period, purchased Spirit Airlines' "Shortcut Security" service when no such service was available.

30. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such individuals.

31. **Numerosity:** Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unavailable to Plaintiff, the members can be easily identified through Defendant's records.

32. **Typicality:** Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the Class is the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's unfair and deceptive business practices as well as its false advertising.

33. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

34. **Commonality & Predominance:** Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

(a) Whether Defendant advertised and sold a "Shortcut Security" option which it did not actually provide to its consumers at LAX and other airports throughout the nation?

(b) Whether Defendant engaged in fraudulent, false, deceptive and/or unfair conduct and business practices in advertising and selling its "Shortcut Security" service when it had no intention or ability to offer that service?

(c) Whether Defendant was unjustly enriched by receiving profits from its sales of the "Shortcut Security" service?

(d) Whether Defendant should be enjoined from engaging in such conduct in the future?

(e) Whether Plaintiff and the members of the Class have suffered damages as a result of their respective purchases of Defendant's "Shortcut Security" service?

35. **Superiority:** Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

36. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in advertising and selling the "Shortcut Security" service at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### FIRST CAUSE OF ACTION
### Common Law Breach of Contract
### (On behalf of Plaintiff and the Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. On August 11, 2019, Plaintiff, like the other members of the Class, purchased the "Shortcut Security" service from Spirit Airlines while checking in to her flight at the LAX Airport.

39. As such, Plaintiff and the Class members provided monetary compensation in exchange for receiving the "Shortcut Security" service.

40. A valid contract was formed with Defendant when Plaintiff and the other members of the Class made their respective purchases from Defendant.

41. The contracts between Plaintiff and the other Class members and Defendant are supported by bargained-for consideration and were entered into following offer and acceptance of the definite and certain terms regarding payment of $6 - $8 in exchange for the ability to shortcut the airport security line.

42. Under Defendant's contracts with Plaintiff and the other members of the Class, Defendant promised to Plaintiff and the other members of the Class that it would provide "Shortcut Security" service that, in exchange for the stated sum, would allow them access to an expedited security line at the airport.

43. Plaintiff and the other members of the Class complied with all of the terms of their agreements with Defendant and performed all other conditions and duties under their contracts with Defendant for the transactions at issue.

44. However, Defendant failed to perform its obligations under the contracts entered into with Plaintiff and the other members of the Class and thus breached those contracts, as Defendant never actually provided a "Shortcut Service" of any kind at LAX, or at the other airports where the other members of the Class sought to use the "Shortcut Security" service.

45. Neither Plaintiff, nor the Class, received any benefit from the "Shortcut Security" service which they purchased and contracted for.

46. As a direct and proximate result of Defendant's breaches of its contracts with its customers, Plaintiff and the other members of the Class have suffered actual harm and are entitled to recover compensatory damages at least in an amount equal to the amounts paid for a "Shortcut Security" service that Defendant failed to provide.

## SECOND CAUSE OF ACTION
### Common Law Breach of Implied Contract
**(On behalf of Plaintiff and the Class)**

47. Plaintiff incorporates by reference the allegations in paragraphs 1 - 36 above.

48. Through their conduct and actions, Plaintiff and the other Class members entered into implied contracts in law and in fact with Defendant. Specifically, when Plaintiff and the other Class members purchased the "Shortcut Security" service from Spirit Airlines under the terms Defendant advertised, Plaintiff and the other members of the Class entered into implied contracts with Defendant.

49. Under these implied contracts, Plaintiff and the other Class members reached a meeting of the minds and mutual understanding with Defendant that, in exchange for the stated sum, Defendant would allow them access to an expedited security line at the airport.

50. Defendant breached its implied agreement with Plaintiff and the other members of the Class by, among other things, failing to actually provide a "Shortcut Service" of any kind at LAX, or at the other airports where the other members of the Class sought to use the "Shortcut Security" service.

51. As a direct and proximate result of Defendant's breach of its implied agreements with Plaintiff and the Class members, Plaintiff and the other Class members have suffered actual monetary damages, pecuniary losses, and other harms as described herein, all of which have ascertainable value to be proven at trial.

## THIRD CAUSE OF ACTION
### Violation of Florida's Deceptive and Unfair Trade Practices Act
### FLA. STAT. § 501.201, et seq.
### (On behalf of Plaintiff and the Class)

52. Plaintiff incorporates by reference the allegations in paragraphs 1 – 36 above.

53. Plaintiffs and Class members are "consumers" within the meaning of Fla. Stat. § 501.203(7) because they are individuals.

54. Spirit was engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8) because they were offering and advertising the Shortcut Security service.

55. Spirit has its principle place of business in Florida, is incorporated in Florida, and, on information and belief, it operates its call center and online purchasing software from within the State of Florida. It also collects monies from Shortcut Security service sales throughout the United States in Florida.

56. Spirit offers to its costumers their Shortcut Security service, have offered it to Plaintiff and Class members at locations where the Shortcut Security service is nonexistent and retained payments Plaintiff and the Class has made without providing said service.

57. The Shortcut Security service was supposed to provide to Plaintiff a dedicated Spirit Shortcut Security line at Los Angeles International Airport but did not.

58. Spirit's conduct constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices within the meaning of Fla. Stat. § 501.204, et seq. because, despite representations to the contrary, there was no Shortcut Security service provided at Los Angeles International Airport or many of the other airports said to provide this service by Spirit.

59. Plaintiff purchased Spirit's Shortcut Security based upon Spirit's false statements and omissions.

60. Moreover, a reasonable consumer would understand the Shortcut Security service to mean that there would be a dedicated Shortcut Security line available at the airport in which they were going through security.

61. Due to the lack of a Spirit Shortcut Security line at Los Angeles International Airport, Defendant is the direct and proximate cause of Plaintiffs' injuries. The injuries, *inter alia*, include the $8 paid by Plaintiff as the cost to use the Shortcut Security service at Los Angeles International Airport, which can be cheaper at other airports ($6).

62. Therefore, Plaintiff and the Class members suffered actual damages within the meaning of Fla. Stat. § 501.211 due to Spirit's misrepresentations. The Shortcut Security service that Plaintiff purchased was illusory and failed to adhere to Spirit's representations.

### FOURTH CAUSE OF ACTION
### Common Law Unjust Enrichment
### (On behalf of Plaintiff and the Class and in the alternative to Counts I and III)

63. Plaintiff incorporates by reference the allegations in paragraphs 1 - 36 above.

64. Plaintiff and the other members of the Class have conferred substantial benefits to Defendant when they purchased Spirits' "Security Shortcut" service.

65. The amount of the benefit Defendant received is measurable by the amounts it collected from customers' payments for the Security Shortcut service. Defendant has been unjustly enriched by any portion of this benefit that it has retained or withheld, or any monies it has derived from retained or withheld amounts. Defendant appreciates or has knowledge of such benefit.

66. Defendant's retention of this benefit violates fundamental principles of justice, equity, and good conscience. Spirit never provided Plaintiff and the other members of the Class with any "Security Shortcut" service, and Spirit Airlines knew or reasonably should have known

that Plaintiff and the other members of the Class would not receive any benefits for their purchases of the "Security Shortcut" service.

67. Indeed, Defendant kept payments from numerous consumers, including Plaintiff and the other members of the Class despite the countless reviews which shed light on the issue that there was no "Security Shortcut" line being provided at the various airports where the service was advertised and sold.

68. It would be inequitable and unjust for Defendant to retain the benefit of monies charged for services it had no intent or ability to provide.

69. Defendant's retention of the payments received from Plaintiff and the other members of the Class is unconscionable, and unless these payments are reimbursed, Defendant Spirit Airlines will be unjustly enriched.

60. As the direct and proximate result of Spirit's unjust enrichment, Plaintiff and the Class are entitled to restitution of all profits, benefits, and other advantages attained by Defendant through the unlawful and deceptive conduct described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other Class members, requests the following relief:

A. Entry of an order certifying the Class as defined above, appointing Plaintiff as class representative, and the undersigned as class counsel;

B. Entry of an order declaring that Defendant's actions, as set forth herein, are unconscionable and force Spirit Airlines to return all benefits gained and profits received from sales of the non-existent "Shortcut Security" service so as to make full restitution to Plaintiff and the Class;

C. Entry of an order declaring that Defendant be financially responsible for ending or actually providing its "Shortcut Security" service to consumers;

D. Entry of an order enjoining Defendant from continuing to deceptively and misleadingly advertise its Shortcut Security service;

E. An award of actual, compensatory, and any other damages for Plaintiff and the other putative Class members in an amount to be determined at trial;

F. An award of punitive and exemplary damages to the Class members in an amount to be determined at trial;

G. An award of reasonable attorneys' fees, costs, and other litigation expenses;

H. An award of pre- and post-judgment interest, as allowable by law; and

I. An award of such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  November 1, 2019

Respectfully submitted,

CINTYA LARIOS GUZMAN, individually and on behalf of other similarly situated individuals.

By: /s/ *David P. Healy*
One of Plaintiff's Attorneys

David P. Healy (940410)
DUDLEY, SELLERS, HEALY, HEATH,
  & DESMOND, PLLC
Sun Trust Financial Center
3522 Thomasville Road, Suite 301
Tallahassee, Florida 32309
Tel: 850.222.5400
Fax: 850.222.7339
dhealy@davidhealylaw.com

*Attorneys for Plaintiff and the putative class*